UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCIA ALLEN,<br><br>                    Plaintiff,<br>-vs-<br><br>ER SOLUTIONS, INC.<br><br>                    Defendant. | *Civil Action No.* _____ |

**COMPLAINT & DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiff Marcia Allen brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

**JURISDICTION & VENUE**

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1331.

3. Venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

4. Plaintiff Allen's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to the aforementioned federal cause of action. As such, this Court has supplemental jurisdiction over Plaintiff's TCPA cause of action pursuant to 28 U.S.C. §1367.

**PARTIES**

5. Plaintiff Marcia Allen is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant ER Solutions, Inc., (hereinafter "ER Solutions") is a foreign business corporation organized and existing under the laws of the State of Washington and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

**FACTUAL ALLEGATIONS**

16. That Paul T. Dowlatt allegedly incurred and later allegedly defaulted on a personal debt. This alleged debt will hereinafter be referred to as "the subject debt."

17. That upon information and belief, the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

18. That upon information and belief, Defendant ER Solutions was thereafter employed by the alleged creditor in order to attempt to collect the subject debt.

19. That over the course of several months, Defendant ER Solutions made repeated, multiple daily telephone calls to Plaintiff Allen's telephone using an artificial and/or prerecorded voice message to deliver a message for Paul T. Dowlatt, requesting that he return their telephone call.

20. That Defendant ER Solutions regularly placed upwards of two (2) to three (3) calls per day to Plaintiff's cellular telephone, using the aforementioned artificial and/or prerecorded messages.

21. That many of the aforementioned artificial and/or prerecorded messages failed to provide meaningful disclosure of the Defendant's identity, stating only that "ERS" was calling.

22. That as a result of Defendant's repeated, multiple, daily telephone calls, Plaintiff Allen became very frustrated, upset, angered, distressed and otherwise suffered from emotional distress.

### FIRST COUNT - FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 22 above.

24. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by calling Plaintiff Allen's cellular telephone multiple times per day and otherwise repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass her.

25. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by repeatedly placing telephone calls to Plaintiff's telephone without providing meaningful disclosure.

### SECOND COUNT - TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff Allen repeats, re-alleges and incorporates by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

27. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone service and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

28. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

30. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the

Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

31. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

32. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages and costs and attorneys fees.

33. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

**WHEREFORE**, Plaintiff Allen respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

### JURY DEMAND

Please take notice that Plaintiff Allen demands trial by jury in this action.

Date: May 11, 2010

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520